County of Nassau v Superior Officers Assn. of the Police Dept. of the County of Nassau, Inc. (2021 NY Slip Op 01750)





County of Nassau v Superior Officers Assn. of the Police Dept. of the County of Nassau, Inc.


2021 NY Slip Op 01750


Decided on March 24, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 24, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


2019-05772
 (Index No. 603225/18)

[*1]County of Nassau, appellant, 
v
Superior Officers Association of the Police Department of the County of Nassau, Inc., et al., respondents.


Bee Ready Fishbein Hatter & Donovan, LLP, Mineola, NY (Peter A. Bee, William C. De Witt, and Jason Greenfield of counsel), for appellant.
Greenberg Burzichelli Greenberg P.C., Lake Success, NY (Seth H. Greenberg of counsel), for respondent.



DECISION & ORDER
In an action for a judgment declaring that a memorandum of agreement dated September 15, 2017, is invalid and unenforceable, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered March 12, 2019. The judgment, upon an order of the same court dated December 7, 2018, granting the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint and, in effect, to compel arbitration, dismissed the complaint.
ORDERED that the judgment is reversed, on the law, without costs or disbursements, that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the complaint is denied, the complaint is reinstated, the order is modified accordingly, and the action is stayed pending arbitration.
In March 2018, the plaintiff, County of Nassau, commenced this declaratory judgment action against the defendants, Superior Officers Association of the Police Department of the County of Nassau, Inc. (hereinafter the Officers Association), and Kevin Black, as president of the Officers Association. The County alleged that it and the Officers Association are parties to a collective bargaining agreement, as well as a subsequent memorandum of agreement dated September 15, 2017 (hereinafter the agreement). The County sought a judgment declaring that the agreement, which addressed, inter alia, longevity payments, is invalid and unenforceable because it was based upon a mutual mistake of fact. The Officers Association submitted a grievance on behalf of its members alleging, inter alia, that its members were not receiving longevity payments in accordance with the agreement.
The County subsequently commenced a proceeding pursuant to CPLR article 75 to permanently stay arbitration against the Officers Association, which is the subject of a related appeal (Matter of County of Nassau v Superior Officers Association of the Police Department of the County of Nassau, Inc., ___ AD3d ___ [decided herewith]).
In this action, the defendants moved pursuant to CPLR 3211(a) to dismiss the complaint and, in effect, to compel the County to submit to arbitration. In a judgment dated February 8, 2019, the court dismissed the complaint. The County appeals.
For the reasons stated in County of Nassau v Detectives Assn., Inc. of the Police Dept. of Nassau County (188 AD3d 1049), we reverse the judgment, deny that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the complaint, reinstate the complaint, and stay the action pending arbitration.
CHAMBERS, J.P., HINDS-RADIX, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court